IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Jimmy Paet,<br><br>       Plaintiff,<br><br>  vs.<br><br>The State of Hawaii,<br><br>       Defendant. | Civ. No. 12-00114 HG-KSC |

**ORDER DISMISSING ACTION WITH PREJUDICE**

On February 28, 2012, Plaintiff Jimmy Paet filed a document

that the Court construes as a Complaint.  The document is

comprised of a collection of words, symbols, and letters laid out

in no apparent order, and is completely unintelligible.  The

Court cannot identify a single coherent or complete sentence, let

alone any specific claims that the Plaintiff is advancing.  The

filing appears intended to be a "Complaint" because the top

right-hand side of the first page contains the following words:

"FOR THE CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-

GRAMMAR OF THIS **QUO-WARRANTO-COMPLAINT-DOCUMENT . . . ."**

(Complaint at 1 (Doc. 1) (emphasis in original)).

Other plaintiffs have recently filed similar nonsensical

complaints containing the undecipherable language in Lacabanne v.

GMAC Mortgage, LLC., CV-12-00060 SOM-BMK; Paet v. Argent Mortgage

Co., LLC, CV-12-00048 SOM-BMK; Chau v. BNC Mortg., Inc., CV-11-

00656 SOM-BMK; <u>Miller v. Argent Mortg. Co., LLC</u>, CV-11-00649 LEK-

BMK; <u>Bailey v. BAC Home Loan Servicing, LP</u>, 11-00648 LEK-BMK.

These complaints have uniformly been dismissed for failure to

comply with Federal Rule of Civil Procedure 8 ("Rule 8").

Rule 8 requires that a complaint include a "short and plain

statement of the claim" with "simple, concise, and direct"

allegations.  A complaint that is so confusing that its "'true

substance, if any, is well disguised'" may be dismissed *sua*

*sponte* for failure to satisfy Rule 8. <u>Hearns v. San Bernardino</u>

<u>Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 1969) (quoting

<u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir.

1969)); <u>see also</u> <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir.

1995) (stating that dismissal is appropriate when the complaint

if so confused, ambiguous, or unintelligible that its true

substance is disguised).

Plaintiffs are appearing <u>pro se</u>; consequently, the court

liberally construes their pleadings.  <u>Eldridge v. Block</u>, 832 F.2d

1132, 1137, (9th Cir. 1987) ("The Supreme Court has instructed

the federal courts to liberally construe the 'inartful pleading'

of pro se litigants."  (citing <u>Boag v. MacDougall</u>, 454 U.S. 364,

365 (1982) (per curium)).  Even liberally construed, however, the

purported allegations in the Complaint are completely incoherent

and utterly fail to state any kind of claim against any Defendant

that is remotely plausible on its face.

As the Complaint is unintelligible and in violation of Rule 8, this action is **DISMISSED WITH PREJUDICE.**  Amendment shall not be permitted, as it is apparent from the Complaint that this action has been filed in bad faith, and that granting leave to amend would be futile. See <u>W. Shoshone Nat'l Council v. Molini</u>, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility).

**CONCLUSION**

This action is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

DATED: March 16, 2012, Honolulu, Hawaii.



          /S/ Helen Gillmor

Helen Gillmor
United States District Judge

<u>Jimmy Paet v. The State of Hawaii</u>; Civil No. 12-00114 HG-KSC; ORDER DISMISSING ACTION WITH PREJUDICE.